BROWN v. PEGRAM et al.

(Circuit Court, E. D. Pennsylvania. February 21, 1906.)

No. 19.

COURTS—FEDERAL COURTS—PROCESS—SUBSTITUTED SERVICE.

A suit by a receiver to adjust equities existing between himself as such receiver and nonresident defendants in whose behalf in part another defendant has obtained a judgment in his own name which he is seeking to enforce against a fund in the receiver's hands is one to remove an "incumbrance or lien or cloud upon the title to * * * property within the district" within the meaning of section 8 of the federal judiciary act of March 3, 1875, 18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 513], and in which substituted service may be made on the nonresident defendants, as therein provided.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 917.]

In Equity. On rule to dismiss bill.

Burr, Brown & Lloyd, for complainant.

H. Gordon McCouch, for defendant Pegram.

HOLLAND, District Judge. Arthur K. Brown is a receiver of this court, and has a fund of $40,000 within the jurisdiction for distribution among the creditors of the American Alkali Company. Thomas Pegram has secured a judgment for $52,887.45 against the receiver in this district, part of which, the bill alleges, he holds in trust for other parties, against which other parties the receiver has a claim of set-off. The bill filed by the receiver in this district is, among other things, for the purpose of ascertaining what portion of this judgment belongs to these other parties against whom he holds this claim of set-off, for the purpose of preventing them from collecting their share of this judgment through Pegram, in whose name it now stands of record. These parties, for whom Thomas Pegram holds part of this judgment as trustee, are residents of Great Britain, and extraterritorial service was had upon them, by order of this court, under the eighth section of the act of March 3, 1875 (18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 513]). Whereupon Thomas Pegram presented a petition, upon which a rule was granted on the plaintiff in the bill to show cause why the bill should not be dismissed, because (a) the receiver is not here attempting to enforce an equitable lien upon or a claim to property within this district; (b) the receiver is not here attempting to remove any incumbrance, or

lien, or cloud upon the title to property within this district; (2) there is no fund before this court for distribution; (3) this defendant has not any lien upon and could not attach or levy any moneys in the hands of the receiver appointed by this court; (4) and for other good and sufficient grounds apparent from the face of the record herein. It is true the receiver is not attempting to enforce an equitable lien upon or a claim to property within this district, but he is attempting to obtain a decree which will prevent Thomas Pegram from enforcing a claim to property within this district, which he should not be permitted to receive, and we are not inclined to believe that Congress used the words "incumbrance or lien ,or cloud upon the title to property within the district" in such a technical and restricted sense as contended for by counsel for the rule.

The case is clearly within the meaning of the act of Congress, as it is a proceeding to adjust the equities existing between the receiver and the parties for whom Thomas Pegram holds a larger part of this judgment, which is a lien upon the fund in the hands of the receiver in the sense that it is an established claim entitled to participate in a distribution among creditors.

Rule to dismiss is overruled.